IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Willie Joe Sturkey, #146039,<br><br>                Plaintiff,<br><br>v.<br><br>Jon Ozmint, Warden Eagleton, Lt. Ford, Sgt. Watson, Sgt. Johnson, & IGC Redfearn & Cpl. Miller, Individual and Official Capacities,<br><br>                Defendants. | Civil Action No.8:08-2758-MBS-BHH<br><br>**REPORT AND RECOMMENDATION<br>OF MAGISTRATE JUDGE** |

      The plaintiff, a prisoner proceeding *pro se*, seeks relief pursuant to Title 42, United States Code, Section 1983. This matter is before the Court on the cross motions for summary judgment of the defendant and the plaintiff. [Docs. 31, 32.]

      Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., this magistrate judge is authorized to review all pretrial matters in cases filed under Title 42, United States Code, Section 1983.

## APPLICABLE LAW

      Rule 56 of the Federal Rules of Civil Procedure states as to a party who has moved for summary judgment:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

Accordingly, to prevail on a motion for summary judgment, the movant must demonstrate that (1) there is no genuine issue as to any material fact; and (2) that he is entitled to summary judgment as a matter of law. As to the first of these determinations, a fact is deemed "material" if proof of its existence or nonexistence would affect the disposition of the case under the applicable law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248

(1986). An issue of material fact is "genuine" if the evidence offered is such that a reasonable jury might return a verdict for the non-movant. *Id.* at 257. In determining whether a genuine issue has been raised, the court must construe all inferences and ambiguities against the movant and in favor of the non-moving party. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962).

The party seeking summary judgment shoulders the initial burden of demonstrating to the court that there is no genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the movant has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, may not rest on the allegations averred in his pleadings. Rather, the non-moving party must demonstrate that specific, material facts exist which give rise to a genuine issue. *Id.* at 324. Under this standard, the existence of a mere scintilla of evidence in support of the petitioner's position is insufficient to withstand the summary judgment motion. *Anderson*, 477 U.S. at 252. Likewise, conclusory allegations or denials, without more, are insufficient to preclude the granting of the summary judgment motion. *Ross v. Communications Satellite Corp.*, 759 F.2d 355, 365 (4th Cir. 1985).

## **DISCUSSION**

### I. **Legal Materials**

The plaintiff's Complaint alleges that on December 21, 2007, upon arriving at Evans Correctional Institution he was informed that he could not retain a box of legal papers in his cell.[1] (Compl. at 3.) In his "absence," the box was confiscated and "placed in property."

---

[1] The Complaint actually states that the box "could be retain [sic] in my cell." (Compl. at 3.) From context it is apparent that the plaintiff means that he was informed that he could *not* retain such a box.

2

*Id*. The plaintiff expressly admits that he was told that while he could not retain the box, he could retrieve his legal papers. *Id*.

The plaintiff contends that as a result of not having his box of materials he was "unable to access the judgement of the courts" on two separate occasions. (Pl. Resp. at 6.) Specifically, he contends that he was unprepared for two hearings. It is undisputed between the parties, however, that the state court twice continued the plaintiff's hearings, including a continuance for ninety days, in order to give him time to obtain his legal materials. (Pl. Resp., Ex. 1; Pl Aff. ¶ 11, 13; Def. Mem. Supp. Summ. J., Ex. E.)

The most glaring problem with the plaintiff's allegation is that he has not really alleged that the materials were actually unavailable to him. As his Complaint alleges and his affidavit later confesses, the plaintiff was prohibited from having the box in his cell. (Pl. Aff. ¶¶ 5, 6.) He was not, however, actually denied access to the legal materials. Liberally construing the plaintiff's submissions, though, leads reasonably to the conclusion that he has generally complained that the legal materials were ultimately lost, destroyed, or rendered otherwise inaccessible. Even still, his claim must fail.

The plaintiff's allegations can reasonably be viewed under various legal theories and the Court will consider each.

### A. Search and Seizure

To the extent the plaintiff means to allege that the defendants illegally seized his materials, summary judgment should be granted. The plaintiff briefly contends that the defendants "asserted dominion and controll [sic] over [his] legal box of paper in [his] absence." (Compl. at 3.)

The Fourth Amendment prohibits unreasonable searches and seizures where persons have a reasonable expectation of privacy in the places searched or items seized. *Katz v. United States*, 389 U.S. 347, 360-61 (1967) (Harlan, J., concurring). However, "[a] right of

3

privacy in traditional Fourth Amendment terms is fundamentally incompatible with the close and continual surveillance of inmates and their cells required to ensure institutional security and internal order." *Hudson v. Palmer*, 468 U.S. 517, 527-28 (1984).[2] Prisoners have no legitimate expectation of privacy in their cells or in their possessions. *Id.* at 526. Because a prison inmate has no legitimate expectation of privacy, he has no constitutional claim for an illegal search and seizure. *Id*. at 528. Accordingly, the plaintiff's claims, if any at all, alleging an illegal search and seizure should be dismissed.

### B. Denial of Access to Courts

The plaintiff also characterizes his claim regarding his legal materials as one for a denial of access to the Courts, insofar as his ability to prosecute other legal actions was impeded by the confiscation or destruction of his materials. In *Bounds v. Smith,* 430 U.S. 817 (1977), the United States Supreme Court determined that prisoners have an absolute right to access to the courts, both to contest their convictions and to file other lawsuits. *Id*. at 821. To state a claim for denial of access to the courts, the plaintiff must allege both a denial of court access and some prejudice resulting from the denial of access. *See Strickler v. Waters,* 989 F.2d 1375, 1382-1383 (4th Cir. 1993); *Magee v. Waters*, 810 F.2d 451, 452 (4th Cir. 1987) (holding "courts have required a showing by a complaining prisoner of actual injury or specific harm to him before a claim of lack of access to the courts will be sustained"); *Shango v. Jurich*, 965 F.2d 289, 293 (7th Cir. 1992). The plaintiff must demonstrate that the defendants caused an actual injury such as the late filing of a court document or the dismissal of an otherwise meritorious claim. *Lewis v. Casey*, 518 U.S. 343, 353-54 (1996).

---

[2] Restrictions on the amount of legal materials in a cell are reasonable and necessary for the safety, security, and orderly maintenance of a correctional facility. *Green v. Johnson*, 977 F.2d 1383, 1390 (10th Cir.1992))

The plaintiff has put forward evidence that he was unprepared at two hearings as a result of his missing documents. Notwithstanding, his showing is still deficient. First, the undisputed evidence is that the plaintiff was given two continuances, including one for 90-days, to gather whatever legal materials he needed. (Pl. Resp., Ex. 1; Pl Aff. ¶ 11, 13; Def. Mem. Supp. Summ. J., Ex. E.) The plaintiff has not explained how such continuances failed to cure any problem he believes he might have had accessing the state court process.

Second, the plaintiff has not made any attempt to specify the materials seized from him or to explain why these materials were uniquely necessary to the prosecution of his claims. *See, e.g., Hossman v. Spradlin*, 812 F.2d 1019, 1022 (7th Cir.1987) (holding "Appellant, in opposition to defendant's motion for summary judgment, could and should have stated with specificity exactly what materials he was deprived of and how such deprivation resulted in his being denied the meaningful access to the courts to which he is entitled."). The plaintiff's general and conclusory allegations that he suffered some harm because of the defendants' conduct are not sufficient to state a claim. *See, e.g., Pearson v. Saar*, 2004 WL 1391160 (D. Md. 2004) (unpublished) (holding conclusory statement that the plaintiff was unable to properly prepare his cases, is insufficient to state a denial of access claim); *see also Cochran v. Morris,* 73 F.3d 1310, 1317 (4th Cir.1996); *White v. Boyle,* 538 F.2d 1077, 1079-1080 (4th Cir.1976). He has not identified a deadline missed or an argument not made or a judgment entered as a result of his missing papers. On the facts before the Court, a jury could not consider it. There is no evidence of injury to entertain.

Lastly, there is no suggestion that the plaintiff's materials were irreplaceable. *Shidler v. Moore*, 409 F.Supp.2d 1060, 1070-71 (N.D. Indiana 2006). The confiscation of legal paperwork is merely a property loss if the papers are replaceable. *See Hossman v.*

*Spradlin*, 812 F.2d 1019, 1022 (7th Cir. 1987). The plaintiff does not argue that the allegedly destroyed or unavailable legal papers were somehow impossible to replace.

For all of these reasons, the plaintiffs claims related to destroyed or confiscated legal materials should be dismissed. He has not demonstrated how any such documents prejudice his access to court process.

## II. Retaliation

The plaintiff also contends that the defendants retaliated against him by denying him law books from the library. "Prisoners do . . . have a constitutionally protected right of access to the courts and to file grievances which includes the right not to be harassed or retaliated against for their exercise." *Green v. Sacchet,* 2002 WL 32639150, at *5 (D. Md. 2002) (*citing ACLU of Maryland v. Wicomico Co.*, 999 F.2d 780, 785 (4th Cir. 1993); *see also Charles v. Reichel*, 67 Fed. Appx. 950, 953 (7th Cir.2003) ("[P]risoners have a constitutional right of access to the courts, which includes the right to file prison grievances in order to exhaust administrative remedies.")

The plaintiff's claim fails principally for the reasons already discussed above. He cannot establish any problem with access to the courts because he has not alleged or demonstrated any injury resulting from the actions he claims the defendants took against him. He has not cited the legal authorities he needed, the lawsuits in which he would have submitted them, or how their absence effected any judicial outcome. The plaintiff must demonstrate that he suffered some adverse impact or actual injury, more than mere inconvenience, to the exercise of his constitutional right. *See ACLU of Md., Inc. v. Wicomico County, Md.,* 999 F.2d 780, 785 (4th Cir. 1993). He has not done so.

Moreover, to succeed on a retaliation claim, the plaintiff must allege facts sufficient to demonstrate that the alleged retaliatory act "was taken in response to the exercise of a constitutionally protected right or that the act itself violated such a right." *Adams*, 40 F.3d

6

at 75. The plaintiff must plead specific evidence "establish[ing] that but for the retaliatory motive[,] the complained of incident . . . would not have occurred." *Woods v. Smith,* 60 F.3d 1161, 1166 (5th Cir. 1995). "Temporal proximity" between an inmate's protected activity and the allegedly retaliatory, official action "is simply too slender a reed on which to rest" a retaliation claim. *See Wagner v. Wheeler*, 13 F.3d 86, 91 (4th Cir. 1993). Complaints that offer nothing more than conclusory allegations of retaliation may be summarily dismissed. *Adams,* 40 F.3d at 74.

Here, the plaintiff merely makes conclusory and self-serving allegations of retaliation. The defendants have submitted evidence that the plaintiff's access to physical law books was constrained as the result of his own destructive acts towards such materials. (Eagleton Aff. ¶ 5; Jacobs Aff. ¶ 7.) Moreover, the defendants have submitted evidence that the plaintiff was given photocopies of the requested case law. (Eagleton Aff. ¶ 5.) The plaintiff has made no response whatsoever to this explanation of the defendants. His retaliation claim may not survive summary judgment on the strength of his generalized accusations alone. He has shown no injury and produced no evidence that a denial of access to law books was retalitorily motivated. The claim, therefore, should be dismissed.

### III.     Qualified Immunity

The defendants also contend they are entitled to qualified immunity in their individual capacities. The undersigned agrees.

The Supreme Court in *Harlow v. Fitzgerald*, 457 U.S. 800 (1982), held that "[g]overnment officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Id. at 818. Thus, determining whether an official is entitled to qualified immunity requires that the court make a two-step inquiry "in proper sequence." *Parrish v. Cleveland,* 372 F.3d 294, 301-02 (4th

Cir. 2004) (*quoting Saucier v. Katz*, 533 U.S. 194, 200 (2001)). As a threshold matter, the court must determine whether, taken in the light most favorable to the plaintiff, the facts alleged show the defendants' conduct violated a constitutional right. *Id.* If the facts, so viewed, do not establish a violation of a constitutional right, the inquiry ends, and the plaintiff cannot prevail. *Id.* If the facts do establish such a violation, however, the next step is to determine whether the right violated was clearly established at the time of the alleged offense. *Id*. In determining whether the right violated was clearly established, the court defines the right "in light of the specific context of the case, not as a broad general proposition." *Id.* "If the right was not clearly established in the 'specific context of the case' – that is, if it was not 'clear to a reasonable officer' that the conduct in which he allegedly engaged 'was unlawful in the situation he confronted' – then the law affords immunity from suit." *Id.* (*quoting Saucier*, 533 U.S. at 201).

As discussed above, the plaintiff has failed to show that the defendants violated any of his constitutional or statutory rights. Accordingly, the defendants would also be entitled to qualified immunity.

**IV.**     **The Plaintiff's Motion for Summary Judgment**

Because the plaintiff has not put forward evidence eliminating all issues of fact as to his claims such that they should be granted, his motion for summary judgment should be denied. As discussed above, the defendants have demonstrated that no issue of fact remains such that a reasonable jury could find in the plaintiff's favor.

**V.**     **State Law Claims**

Having recommended dismissal of the plaintiff's federal claims against the defendants, the Court would decline to exercise jurisdiction over whatever state law claims the plaintiff may have against the defendants. *See* 28 U.S.C. § 1367(c); *Tripp v. Charlie Falk's Auto Wholesale Inc.,* 290 Fed. Appx. 622, 632 (4th Cir. 2008); *see, e.g., Patterson*

8

*v. City of Columbia*, 2003 WL 23901761, at *5 (D.S.C. Dec 29, 2003) ("Patterson has raised various state law claims against all Defendants. Because the federal claims must be dismissed, the court declines to exercise jurisdiction over the remaining state law claims.") Thus, the state law claims, if any, should be dismissed without prejudice for refiling in state court.

## **CONCLUSION**

Wherefore, it is RECOMMENDED that the defendants' Motion for Summary Judgment [Doc. 32] be GRANTED; the plaintiff's Motion for Summary Judgment [Doc. 31] be DENIED; and the Complaint be DISMISSED *with prejudice*.

IT IS SO RECOMMENDED.

s/Bruce Howe Hendricks
United States Magistrate Judge

August 7, 2009
Greenville, South Carolina

**The plaintiff's attention is directed to the important notice on the next page.**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
P.O. Box 10768
Greenville, South Carolina 29603

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).