IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Willie Joe Sturkey, #146039, | ) | |
| | ) | C/A No.: 8:08-2758-MBS |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | **O R D E R** |
| Jon Ozmint, Warden Eagleton, Lt. Ford, | ) | |
| Sgt. Watson, Sgt. Johnson, IGC Redfearn, | ) | |
| and Cpt. Miller, individual and official | ) | |
| capacities, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Plaintiff Willie Joe Sturkey is an inmate in custody of the South Carolina Department of Corrections (SCDC). Plaintiff currently is housed at Evans Correctional Institution (ECI) in Bennettsville, South Carolina. Plaintiff, appearing pro se, brings this action pursuant to 42 U.S.C. § 1983, asserting that his constitutional rights have been violated in various respects.

This matter is before the court on Plaintiff's motion for summary judgment, which motion was filed February 2, 2009 (Entry 31). Defendants Ozmint, Eagleton, Ford, Watson, Johnson, Redfearn, and Miller filed a response to Plaintiff's motion on February 20, 2009. Also before the court is Defendants' motion for summary judgment (Entry 32), which motion was filed February 19, 2009, and supplemented on February 20, 2009. By order filed February 20, 2009, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), Plaintiff was advised of the summary judgment procedure and the possible consequences if he failed to respond adequately. Plaintiff filed a memorandum in opposition to Defendant's motion on March 23, 2009, to which Defendants filed a reply on April 2, 2009.

In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., this matter was referred to United States Magistrate Judge Bruce H. Hendricks for pretrial handling. On August 10, 2009, the Magistrate Judge filed a Report and Recommendation. Plaintiff filed objections to the Report and Recommendation on August 26, 2009.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility for making a final determination remains with this court. Mathews v. Weber, 423 U.S. 261, 270 (1976). The court is charged with making a de novo determination of any portions of the Report and Recommendation to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or may recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

## I. FACTS

The facts are set forth in the Report and Recommendation. Briefly, Plaintiff was transferred to ECI and placed in a Special Management Unit (SMU). Plaintiff had in his possession a box of legal materials. He was informed by Defendant Watson that he could not keep his "legal box" in his cell. The legal box was placed in the ECI property room, but subsequently lost. Plaintiff filed a grievance, contending that he was denied access to the courts because his legal materials could not be located. Defendant Eagleton responded to Plaintiff on April 1, 2008, stating:

> I have reviewed your grievance and all pertinent documentation. Corrective measures will be taken concerning the incident that occurred with Sergeant Watson misplacing your legal box. I will provide you with another legal box upon request, and assist you with replacing items missing, if they are available in your record. Please submit a Request to Staff Member Form to me, requesting the items needed. I explained to you, on 4/1/08, that items missing, I could not replace, would be up to you, to write the appropriate agencies to receive. I apologize for the inconvenience

this has caused you, and I consider this matter resolved.

Entry 1-1, 2.

Plaintiff contends that he was unable to participate in two state court hearings because the "legal papers that was needed had been seized and unreturned by [Defendant] Watson." Entry 1, 4. Plaintiff further asserts that Defendant Eagleton retaliated against him by instructing Defendant Johnson and Officer McRae to seize Plaintiff's "other legal material." Plaintiff also alleges that Defendant Miller conspired with Defendant Eagleton to deny Plaintiff law books. Id. Plaintiff seeks monetary relief and punitive damages.

## II. DISCUSSION

The Magistrate Judge determined that (1) Plaintiff's Fourth Amendment claim fails because, as a prisoner, Plaintiff has no expectation of privacy in his possessions; (2) Plaintiff's First Amendment claim fails because Plaintiff failed to show actual injury as required by Lewis v. Casey, 518 U.S. 343 (1996); and (3) Plaintiff's retaliation claim fails because Plaintiff has shown no injury and produced no evidence that the denial of access to law books was motivated by retaliation. Accordingly, the Magistrate Judge recommended that Plaintiff's motion for summary judgment be denied and Defendants' motion for summary judgment be granted.

### A.    Search and Seizure

Plaintiff first contends that the Magistrate Judge erred in recommending summary judgment be granted in favor of Defendants with respect to Plaintiff's Fourth Amendment claim. The court disagrees.

The applicability of the Fourth Amendment turns on whether the person invoking its protection can claim a reasonable expectation of privacy that has been invaded by government

action. Hudson v. Palmer, 468 U.S. 517, 525 (1984) (quoting Smith v. Maryland, 442 U.S. 735, 740 (1979)). Prisoners have no legitimate expectation of privacy and the Fourth Amendment's prohibition on reasonable searches and seizures does not apply in the prison context. See id. at 530. Plaintiff asserts that "Defendant seized legal papers in violation of the constitutional provision which protects me from this type of seizure." Entry 58, 4. To the contrary, prison officials must be free to seize from cells any articles which, in their view, disserve legitimate institutional interests. Hudson, 468 U.S. 530, n.8. Plaintiff's claim is without merit.

B.      Denial of Access to the Courts

Plaintiff next asserts the Magistrate Judge erred in recommending that summary judgment be granted in favor of Defendants as to Plaintiff's First Amendment claim. The court disagrees.

A prisoner is entitled to have access to a reasonable adequate opportunity to present claimed violations of fundamental rights to the courts. Lewis v. Casey, 518 U.S. 343, 351 (1996) (quoting Bounds v. Smith, 430 U.S. 817, 824 (1977)). In order to prevail in an action brought alleging denial of access to the courts, an inmate must show an actual injury, such as establishing that the defendants caused an actionable claim to be lost or prevented the inmate from filing a claim. Id. at 351-56. In this case, Plaintiff argues that two state court cases were decided adversely to him because of

> [t]he lack of unvailable documents, plaintiff was unable to support his argument to prevail motion for summary judgment. And on several appearance in court plaintiff was unable to argue his case in scheduled hearings.

Entry 58, 6 (errors in original).

The record demonstrates, however, that Defendant Eagleton took steps to assist Plaintiff with gathering the information that had been lost from Plaintiff's legal box, and that he released Plaintiff back into the general population so that he could go to the law library. Entry 32-6 (Affidavit of

4

Warden Eagleton), 2. Plaintiff was granted two continuances in state court to allow him to obtain legal materials he required. See Entries 58-1, 58-3. As the Magistrate Judge properly noted, Plaintiff fails to explain what additional documentary evidence could have been presented at the state court proceedings that might have increased his chances of prevailing. Plaintiff's objection is without merit.

C.    Retaliation

Plaintiff asserts that the Magistrate Judge erred in recommending summary judgment in favor of Defendants be granted as to his claims of retaliation. The court disagrees.

Retaliation by a public official for the exercise of a constitutional right is actionable under 42 U.S.C. § 1983, even if the act, when taken for different reasons, would have been proper. Am. Civil Liberties Union of Maryland, Inc. v. Wicomico County, 999 F.2d 780, 785 (4th Cir. 1983) (citing Mt. Healthy City Sch. Dist. Bd. v. Doyle, 429 U.S. 274 (1977)). A plaintiff alleging that government officials retaliated against him in violation of his constitutional rights must demonstrate that he suffered some adversity in response to his exercise of protected rights. Id. (citing Huang v. Bd. of Governors, 902 F.2d 1134, 1140 (4th Cir. 1990)). Where there is no impairment of the plaintiff's rights, there is no need for the protection provided by a cause of action for retaliation. Id.

Plaintiff essentially restates the conclusory allegations of his complaint that he was denied access to the courts and law library in retaliation for his complaints regarding his legal box. See Entry 58, 10.[1] The district court need not conduct a de novo review when a party makes only general and conclusory objections that do not direct the court to a specific error in the Magistrate Judge's

_____

[1] Plaintiff raises for the first time in his objections the claim that he was transferred into ECI without penological justification and that he had a protected liberty interest to not be transferred. The court declines to address Plaintiff's assertion, as it is not properly before the court.

proposed findings and recommendations.  <u>Orpiano v. Johnson</u>, 687 F.2d 44, 47-48 (4th Cir. 1982).

Nevertheless, the court has thoroughly reviewed the record.

It appears that Plaintiff's use of the law library was restricted in or around April 2008.

According to Defendants, it was discovered that Plaintiff was practicing law for other inmates, an

infraction of SCDC disciplinary policy, and that he was removing pages from law library books and

keeping them in his cell.  <u>See</u> Entries 32-7 (Supplemental Affidavit of Warden Eagleton); 32-8

(Affidavit of Robert Wesley Jacobs).  Even assuming for purposes of summary judgment that

Defendants' explanation for limiting Plaintiff's access to law books is pretextual, Plaintiff was given

photocopies of materials he requested.  <u>See</u> Entry 32-7, 2.  Thus, there was no impairment of

Plaintiff's rights.  Plaintiff's objection is without merit.

III.  <u>CONCLUSION</u>

The court concurs in the Report and Recommendation and incorporates it herein by reference.

Plaintiff's motion for summary judgment (Entry 31) is **denied**.  Defendants' motion for summary

judgment (Entry 32) is **granted**.  The court declines to exercise jurisdiction over any remaining state

law claims.

**IT IS SO ORDERED**.

/s/ Margaret B. Seymour
United States District Judge

August 31, 2009

Columbia, South Carolina

**NOTICE OF RIGHT TO APPEAL**
**Plaintiff is hereby notified that he has the right to appeal this order pursuant**
**to Rules 3 and 4 of the Federal Rules of Appellate Procedure**.